IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALTER SHANE KORN, JR., | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-1937-S-BK |
| | § | |
| THE STATE OF TEXAS, ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be *sua sponte* **DISMISSED**.

I.   **BACKGROUND**

On August 13, 2021, Plaintiff Walter Shane Korn filed a *pro se* complaint against the State of Texas, Governor Gregg Abbot, Attorney General Ken Paxton, Assistant Attorney General Michael L. Meripolski,[1] and Associate Judge Maurice Anthony Aguilar. Doc. 1 at 1. Korn sues Defendants under the Texas Tort Claims Act for "abuse of power and conflict of interest" stemming from child support collection proceedings in a Dallas County district court. Doc. 1 at 1-2. On March 2, 2020, he was held in contempt of court for failing to pay child

---

[1] The complaint lists both Meripolski's bar number and address at the office of the Texas Attorney General and Child Support and Social Services—400 S. Zang Blvd Ste. 1100, Dallas, Texas 75208. Doc. 1 at 1. Thus, the Court presumes Meripolski was employed as an Assistant Attorney General at the time complained of.

support and confined for seven days in the Dallas County Jail. Doc. 1 at 2; Doc. 1 at 6

(*Commitment Order* in Case No. DF17-08896).

Consequently, Korn also seeks "to redress the deprivation of rights secured him by the Fourth, Fifth, Eighth and Fourteen Amendments to the United States Constitution, title 42 U.S.C. 1983." Doc. 1 at 2. He alleges the "State Actor was employed by the . . . STATE OF TEXAS" and "acted under color of law." Doc. 1 at 3. Additionally, he pleads:

> 4th Amendment to the United States Constitution for illegal search and seizure.
>
> Abuse or threatened abuse of law or legal process. The term "abuse or threatened abuse of the legal process" means the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action. 22 U.S. Code § 7102. Definitions

Doc. 1 at 2.

Korn requests compensatory and punitive damages of $5 million for emotional pain and suffering and financial loss. Doc. 1 at 3.

Upon review, the Court concludes that subject matter jurisdiction is lacking as to some claims and Korn's remaining claims fail to state a claim. Therefore, this action should be dismissed *sua sponte*.

**II.   ANALYSIS**

Although Korn paid the filing fee, the Court may exercise its "inherent authority . . . to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll v. Fort James Corp.,* 470 F.3d 1171, 1177 (5th Cir. 2006) (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998))). "The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.'" *Carver v.*

*Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted). "'[F]airness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." *Id.* (quoting *Carroll*, 470 F.3d at 1177).

These findings, conclusions, and recommendation (the FCR) provide Korn the requisite notice, and the 14-day period to object to the FCR (explained in more detail below) will afford him an opportunity to respond. *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (concluding magistrate judge's recommendation provides both notice and a reasonable opportunity to respond to dispositive issue that the court raises *sua sponte*); *Starrett v. U.S. Dep't of Def.*, No. 3:18-CV-2851-M-BH, 2018 WL 6069969, at *2 (N.D. Tex. Oct. 30, 2018), *R. & R. adopted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir. 2019) (affirming *sua sponte* dismissal with prejudice under Rule 12(b)(6) based on magistrate judge's recommendation).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Korn's complaint should be dismissed *sua sponte*.

A federal court lacks subject matter jurisdiction to hear claims that are barred by the Eleventh Amendment sovereign immunity. *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996). Therefore, any claims that are barred by sovereign immunity should be dismissed without prejudice. *Id.*

In addition, a plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim for relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

Here, to the extent Korn sues Defendants under 42 U.S.C. § 1983 for constitutional violations, his claims are barred by Eleventh Amendment immunity and absolute judicial immunity. Eleventh Amendment immunity bars suit against a state or state entity, regardless of whether money damages or injunctive relief is sought. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 (1989) (states are not persons subject to suit under § 1983 because of the Eleventh Amendment). Eleventh Amendment immunity applies equally to state officials when sued in their official capacities because official capacity suits are construed as suits against the state. See *Hafer v. Melo,* 502 U.S. 21, 25 (1991); *Will*, 491 U.S. at 71. Therefore, Plaintiff cannot sue the State of Texas, Governor Abbott, Attorney General Paxton, and Assistant Attorney General Maripolski in their official capacities for monetary damages or injunctive relief under § 1983. As such, those claims should be dismissed without prejudice

In addition, Judge Aguilar is entitled to absolute immunity from a claim for damages stemming from his ruling in Korn's child support collection proceedings. The judge's complained of actions were performed in his capacity and function as a judge. *Stump v. Sparkman*, 435 U.S. 349, 361-62 (1978). "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Korn therefore fails to state a plausible claim against Judge Aguilar.

Likewise, Korn states no plausible claim for relief under the Texas Tort Claims Act. His claims relate to collection of child support, *not* the "existence and violation of a duty" on which

tort liability depends under Texas law.  *See Rodriguez v. Christus Spohn Health Sys. Corp.*, 628 F.3d 731, 736 (5th Cir. 2010) (the Texas "Tort Claims Act does not create a cause of action; it merely waives sovereign immunity as a bar to a suit that would otherwise exist").

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  As discussed herein, Korn's legal claims are fatally infirm.  Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, he could allege cogent and viable legal claims based on the factual basis of his suit.  Thus, the Court concludes that Korn has apparently already pled his best case and that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, it is recommended that Korn's claims under 42 U.S.C. § 1983 against the State of Texas, Governor Abbott, Attorney General Paxton, and Assistant Attorney General Maripolski should be *sua sponte* **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  FED. R. CIV. P. 12(b)(1).  Korn's remaining claims should be *sua sponte* **DISMISSED WITH PREJUDICE** for failure to state a claim.  FED. R. CIV. P. 12(b)(6).

**SO RECOMMENDED** on January 31, 2022.

*[signature]*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).